UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHOICE LONG ISLAND, INC., <br><br> Plaintiff, <br><br> v. <br><br> PFLUG PACKAGING & FULFILLMENT, INC., <br><br> Defendant. | No. 2:24-cv-02476-DAD-SCR <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT <br><br> (Doc. No. 16) |

This matter is before the court on plaintiff's unopposed motion for leave to amend its complaint to add Pflug Packaging-Georgia, Inc. ("Pflug-GA") as a defendant in this action and to assert its claims against Pflug-GA. For the reasons explained below, the court will grant plaintiff's motion for leave to file its proposed first amended complaint.

**BACKGROUND**

On September 9, 2024, plaintiff Choice Long Island, a staffing company, filed an action in the Northern District of Georgia against Pflug-GA, a Georgia corporation. (Doc. No. 16-1 at 2.) On September 11, 2024, plaintiff filed this action against defendant Pflug Packaging & Fulfillment, Inc. ("Pflug-CA"), a California corporation. (Doc. No. 1.) On October 22, 2024, defendant Pflug-CA filed a motion to dismiss this action, contending that the first-to-file rule requires this court to dismiss or stay this case while the litigation in the Northern District of

1

1 Georgia is pending.  (Doc. No. 10.)  While plaintiff disputes that the first-to-file rule applies,
2 plaintiff, Pflug-CA, and Pflug-GA have "stipulated that, to resolve Pflug-CA's pending Motion to
3 Dismiss, Plaintiff would ask the Court for leave to amend its Complaint to add Pflug-GA as a
4 defendant and to assert its claims against Pflug-GA."  (Doc. No. 16-1.)  Plaintiff states that should
5 the court grant its pending motion to amend the complaint, plaintiff will file its first amended
6 complaint and dismiss its action against Pflug-GA in the Northern District of Georgia without
7 prejudice, which would moot Pflug-CA's pending motion to dismiss.  (*Id*.)

**LEGAL STANDARD**

"A party may amend its pleading once as a matter of course within:  (A) 21 days after serving it or (B) if the pleading is one to which a responsive pleading is required, 21 days after service if a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a).  Otherwise, a party must seek leave of court to amend a pleading or receive the opposing party's written consent.  *Id.*

The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be freely given when justice so requires."  *Id.*  Nevertheless, leave to amend need not be granted when the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile.  *See AmerisourceBergen Corp. v. Dialysist W. Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)).  "Prejudice to the opposing party is the most important factor."  *Jackson v. Bank of Haw.*, 902 F.3d 1385, 1397 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330–31 (1971)).  "The party opposing leave to amend bears the burden of showing prejudice."  *Serpa v. SBC Telecomms.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

**ANALYSIS**

Defendant has not opposed plaintiff's motion to amend the complaint or otherwise responded to the pending motion.  Indeed, plaintiff states in its motion to amend the complaint that this motion is uncontested, is the result of a stipulation, and that no oral argument is requested.  (Doc. No. 16-1 at 1–4.)  Further, plaintiff avers that there is no prejudice to defendant

since defendant does not object to amendment, that plaintiff is not seeking amendment in bad faith but instead seeks to streamline the litigation and avoid unnecessary motion practice, and that amendment would likely save time rather than create undue delay. (*Id*. at 4.)

The court agrees that granting plaintiff's motion would likely not prejudice defendant, because defendant has not filed any opposition to the pending motion. *See Scottsdale Ins. Co. v. Buehner*, No. 1:22-cv-00869-JLT-SAB, 2023 WL 2563648, at *4 (E.D. Cal. Mar. 17, 2023) ("Given Defendants have not submitted an opposition to the motion to amend, the Court finds that granting Plaintiff's motion to amend would not prejudice Defendants.") Further, there is no evidence that amendment is sought in bad faith or would produce an undue delay, particularly as this case has not yet come before the court for the issuance of a scheduling order. *See Austin v. W. Concrete Pumping, Inc.*, No. 17-cv-02363-AJB-MDD, 2018 WL 2684140, at *1 (S.D. Cal. June 5, 2018) (granting the plaintiff's motion to amend where the motion was "unopposed and was filed before the deadline set by the case management order"). Finally, the court has no reason to believe that plaintiff's proposed amendment is futile. *See SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (illustrating that an amendment is futile "only if it would clearly be subject to dismissal").

Consequently, finding that none of the foregoing factors weigh against granting plaintiff leave to amend, and noting that plaintiff's motion is unopposed, the court finds leave to amend appropriate. Accordingly, plaintiff's motion for leave to amend its complaint will be granted.[1]

**CONCLUSION**

For the reasons explained above,

1. Plaintiff's motion for leave to amend its complaint (Doc. No. 16) is granted;
2. Within seven (7) days from the date of entry of this order, which is a deadline proposed by plaintiff, plaintiff shall file its first amended complaint;

/////

---

[1] The Eastern District of California's overwhelming caseload has been well publicized, and the long-standing lack of adequate judicial resources in this district long ago reached crisis proportions. The court urges the parties to do their part to avoid unnecessary motion practice, including by reaching agreement and filing stipulations signed by both parties whenever possible.

3. All named defendants shall file their responses to plaintiff's first amended complaint within fourteen (14) days from the date of filing of the first amended complaint; and

4. The hearing on plaintiff's pending motion to amend the complaint set for December 3, 2024 in this matter is hereby vacated.

IT IS SO ORDERED.

Dated:  **November 27, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE